**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| STEPHANIA RUIZ GUEVARA, <br> *on behalf of herself, FLSA Collective Plaintiffs* <br> *and the Class,* | Case No: |
| Plaintiff, | **CLASS AND** <br> **COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| NY ROMANTICOS INC. <br>      d/b/a ROMANTICOS NIGHT CLUB, <br> KAZ ENTERPRISES, INC. <br>      d/b/a CLUB EVOLUTION, <br> FLAMINGO TAVERN CORP. <br>      d/b/a FRIENDS TAVERN, <br> MARIA DUTAN, EDUARDO VALENTIN, <br> and CASIMIRO VILLA, | **Jury Trial Demanded** |
| Defendants. | |

---

Plaintiff STEPHANIA RUIZ GUEVARA ("Plaintiff"), on behalf of herself and others

similarly situated, by and through her undersigned attorneys, hereby file this Class and Collective

Action Complaint against NY ROMANTICOS INC. d/b/a ROMANTICOS NIGHT CLUB, KAZ

ENTERPRISES, INC. d/b/a CLUB EVOLUTION, FLAMINGO TAVERN CORP. d/b/a

FRIENDS TAVERN, ("Corporate Defendants"), MARIA DUTAN, EDUARDO VALENTIN,

and CASIMIRO VILLA ("Individual Defendants," and together with the Corporate Defendants, "Defendants") and, upon information and belief, states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff STEPHANIA RUIZ GUEVARA, for all relevant time periods, was a resident of Queens County, New York.

6.      Defendants collectively own and operate a group of bars at the following locations in New York State:

> (a)  76-07 Roosevelt Ave., Jackson Heights, NY 11372 ("Romanticos);
>
> (b)  76-19 Roosevelt Ave., Jackson Heights, NY 11372 ("Club Evolution"); and

(c) 78-11 Roosevelt Ave., Jackson Heights, NY 11372 ("Friend's Tavern");

(collectively, the "Bars"). The Bars are operated as a single integrated enterprise, under the common control of the Individual Defendants, MARIA DUTAN, EDUARDO VALENTIN, and CASIMIRO VILLA. Specifically, the Bars are engaged in related activities, share common ownership, and have a common business purpose:

(a) The Bars are commonly owned and operated by Individual Defendants, MARIA DUTAN, EDUARDO VALENTIN, and CASIMIRO VILLA. *See Exhibit A* for the liquor licenses that exhibit Individual Defendants' names as principals of the Corporate Defendants.

(b) Prior to opening, all new Bars must be approved by the Individual Defendants.

(c) The Bars have a common look and feel. In particular, Friend's Tavern and Club Evolution have the common "gay village for Latinos" theme, as advertised on their social media. *See Exhibit B* for the advertisements of the Bars.

(d) Individual Defendants, EDUARDO VALENTIN and CASIMIRO VILLA, are personal partners who publicly hold themselves out as a couple that jointly run the historic gay bars, Friend's Tavern and Club Evolution. *See Exhibit C* for the history of the two Bars, including the personal relationship between the two Individual Defendants, EDUARDO VALENTIN and CASIMIRO VILLA.

(e) Food, beverages and other supplies are interchangeable amongst the Bars.

7.      Corporate Defendant NY ROMANTICOS INC. d/b/a ROMANTICOS NIGHT CLUB , is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and a principal place of business located at 76-07 Roosevelt Ave., Jackson Heights, NY 11372.

8.     Corporate Defendant KAZ ENTERPRISES, INC. d/b/a CLUB EVOLUTION is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 35-55 73rd Street, Jackson Heights, NY 11372  and a principal place of business at 76-19 Roosevelt Ave., Jackson Heights, NY 11372.

9.     Corporate Defendant FLAMINGO TAVERN CORP. d/b/a FRIENDS TAVERN, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 78-11 Roosevelt Ave, Jackson Heights, NY 11372, and a principal place of business at 23 East 40th Street, New York, NY 10017.

10.    Individual Defendant MARIA DUTAN is an owner and principal of each of the Corporate Defendants. MARIA DUTAN exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant frequently visits each of the Bars. Individual Defendant exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Bars could complain to MARIA DUTAN directly regarding any of the terms of their employment, and MARIA DUTAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

11.    Individual Defendant EDUARDO VALENTIN is an owner and principal of each of the Corporate Defendants. EDUARDO VALENTIN exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant frequently visits each of the Bars. EDUARDO VALENTIN exercises the power to (and

also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Bars could complain to EDUARDO VALENTIN directly regarding any of the terms of their employment, and EDUARDO VALENTIN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

12.     Individual Defendant CASIMIRO VILLA is an owner and principal of each of the Corporate Defendants. CASIMIRO VILLA exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Individual Defendant frequently visits each of the Bars. CASIMIRO VILLA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees of the Bars could complain to CASIMIRO VILLA directly regarding any of the terms of their employment, and CASIMIRO VILLA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

13.     At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

14.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees  (including but not limited to servers, waiters, bartenders, barbacks, bussers, runners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) their proper wages due to time shaving. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief as a collective action pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees  (including but not limited to servers, waiters, bartenders, barbacks, bussers, runners) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("Class" or "Class Members").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate practices of (i) failing to pay minimum wages, (ii) failing to pay spread of hours premium, (iii) failing to provide wage statements per requirements of the New York Labor Law, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Defendants' company-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

(d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

(e) Whether Defendants paid Plaintiffs and Class members the proper wage for all hours worked;

(f) Whether Defendants paid Plaintiffs and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours;

(g) Whether Defendants provided proper wage statements informing non-exempt employees of information required to be provided on wage statements under the New York Labor Law; and

(h) Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law.

## STATEMENT OF FACTS

27.     In or around September 2018, Plaintiff STEPHANIA RUIZ GUEVARA was hired by Defendants to work as a server at Defendants' night club, ROMANTICOS NIGHT CLUB ("Romanticos"), located at 76-07 Roosevelt Ave., Jackson Heights, NY 11372. In or around October 2019, Plaintiff's employment was terminated.

28.     Throughout her employment, by Defendants, Plaintiff STEPHANIA RUIZ GUEVARA was scheduled to work five (5) to six (6) days per week.  On the days that Plaintiff worked, her shift ran from 9:00 p.m. to 4:00 a.m.  About once a week, Plaintiff worked a double-shift.  On these days, Plaintiff's schedule ran from 3:00 p.m. to 4:00 a.m. Plaintiff worked approximately forty-one (41) hours per week.

29.     Throughout her employment, Plaintiff STEPHANIA RUIZ GUEVARA worked over ten (10) hours per day about once per week. However, Plaintiff never received any spread of hours payments for the days she worked over ten hours. Similarly, Class members failed to receive their spread of hours premiums when working days of ten (10) or more hours.

30.     Throughout her employment, Plaintiff was paid at a flat rate of forty dollars ($40) per shift, and sixty dollars ($60) for a double-shift.

31.     Plaintiff and the Class were not compensated at minimum wage, never given compensation for overtime, and never provided a spread of hours premium.

32.     Plaintiff and Class members regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceeded ten hours in length.

33.     Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

34.     Plaintiff and Class members never received wage statements, which are required under the New York Labor Law.

35.     Defendants knowingly and willfully operated their business with a policy of not paying the required New York State minimum wage, to Plaintiff, FLSA Collective Plaintiffs, and the Class under the FLSA or NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked.

37.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

39.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

40.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

41.     Plaintiff realleges and reavers Paragraphs 1 through 40 of this Class and Collective Action Complaint as if fully set forth herein.

42.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

45.     At all relevant times, the Defendants engaged in a policy and practice of refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all hours that they worked each week due to a policy of time-shaving.

46.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and

custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, and an equal amount as liquidated damages.

50.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51.     Plaintiff realleges and reavers Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper wages for all of their hours worked due to Defendants' policy of time shaving.

54.     Defendants willfully violated Plaintiff's and the Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

55.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

56.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

57.     Defendants failed to provide proper wage statements with correct payment as required by New York Lab. Law § 195(3).

58.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due time shaving, unpaid wages due to invalid tip credit, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award for failure to pay proper minimum and overtime wages as mandated by New York Labor Law and FLSA;

d.   An award of unpaid spread of hours premium due under the NYLL;

e.   An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and compensation for all hours of work, pursuant to the New York Labor Law;

h.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representative of Class; and

l.   Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 27, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee (CL 4086)